United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOSE LUIS SALGADO-LOPEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>FORD MOTOR COMPANY, et al.,<br><br>    Defendants. | Case No. 19-CV-03628-LHK<br><br>**ORDER GRANTING MOTION TO REMAND**<br><br>Re: Dkt. No. 11 |

Plaintiff Jose Luis Salgado-Lopez ("Plaintiff") brings this lawsuit against Defendants Ford Motor Company ("Ford") and Marty Franich Ford Lincoln Mercury ("Franich") for claims arising from Ford's sale of an allegedly defective vehicle. Before the Court is Plaintiff's motion to remand. Having considered the parties' submissions, the relevant law, and the record in this case, the Court GRANTS Plaintiff's motion to remand.

**I.    BACKGROUND**

    **A.  Factual Background**

Plaintiff is a resident of Santa Cruz County, California. ECF No. 1-1 ¶ 2 ("Compl."). Defendant Ford, a Delaware corporation operating in California, designs, manufactures, constructs, assembles, markets, distributes, and sells automobiles. *Id.* ¶ 4. Defendant Franich

1

sells, services, and repairs automobiles in Santa Cruz County, California. *Id.* ¶ 5.

Plaintiff alleges that on or about July 6, 2013, "Plaintiff purchased a 2013 Ford Fusion vehicle . . . from Defendant [Franich], which was manufactured and or distributed by Defendant [Ford]." *Id.* ¶ 8. When Plaintiff purchased the 2013 Ford Fusion vehicle (the "Vehicle"), Plaintiff "received an express written warranty, including a 3-year/36,000 mile express bumper to bumper warranty and a 5-year/50,000 mile powertrain warranty, which . . . covers the engine and transmission." *Id.* ¶ 9.

Plaintiff asserts that those warranties provided that if "a defect developed with the Vehicle during the warranty period, Plaintiff could deliver the Vehicle for repair services to Defendant's representative and the Vehicle would be repaired." *Id.* Plaintiff alleges that during the warranty period, the Vehicle developed defects, "including but not limited to, defects causing illumination of the check engine light . . .; defects causing failure and/or replacement of the canister purge valve; defects causing the storage of Diagnostic Trouble Code[;] . . . defects requiring premature replacement of the battery; defects causing an axle seal leak; defects causing the failure and/or replacement of the left front axle seal; . . . defects causing the Vehicle to unexpectedly and without collision, catch on fire while in operation; and/or any other defects described in the Vehicle's repair history." *Id.*

According to Plaintiff, however, "Defendant and its representatives in this state have been unable to service or repair the Vehicle to conform to the applicable express warranties after a reasonable number of opportunities." *Id.* ¶ 13. Indeed, Plaintiff alleges that when Plaintiff "presented the Vehicle to Defendant's representative," Defendant "failed to commence the service or repairs within a reasonable time and failed to service or repair the Vehicle so as to conform to the applicable warranties within 30 days." *Id.* ¶ 19.

**B. Procedural History**

On May 6, 2019, Plaintiff filed his complaint against Defendants in California Superior Court for the County of Santa Clara. Compl. at 1. On May 22, 2019, Plaintiff served the complaint on Defendants. ECF No. 1 ¶ 3.

2

Plaintiff's complaint alleges five causes of action: (1) violation of California Civil Code § 1793.2(d) against Defendant Ford, Compl. ¶¶ 12-17; (2) violation of California Civil Code § 1793.2(b) against Defendant Ford, *id.* ¶¶ 18-22; (3) violation of California Civil Code § 1793.2(a)(3) against Defendant Ford, *id.* ¶¶ 23-25; (4) breach of express written warranty in violation of California Civil Code §§ 1791.2(a) and 1794 against Defendant Ford, *id.* ¶¶ 26-29; and (5) breach of the implied warranty of merchantability in violation of California Civil Code §§ 1791.1, 1794, and 1795.5 against Defendant Ford and Defendant Franich. *Id.* ¶¶ 30-34.

On June 21, 2019, Defendants removed Plaintiff's complaint to federal court. ECF No. 1. Defendants' notice of removal states that the Court has diversity jurisdiction over Plaintiff's complaint. *Id.* at 1. Defendants assert that Plaintiff and Defendant Franich are both citizens of California, but Defendants claim that Plaintiff fraudulently joined Defendant Franich. *Id.* at 5-7. Therefore, according to Defendants, diversity jurisdiction is still proper. *Id.*

On October 2, 2019, Plaintiff filed the instant motion to remand. ECF No. 11 ("Mot."). On October 16, 2019, Defendants filed their opposition, ECF No. 18 ("Opp."), and on October 23, 2019, Plaintiff filed his reply, ECF No. 19 ("Reply").

## II. LEGAL STANDARD

A suit may be removed from state court to federal court only if the federal court would have had subject matter jurisdiction over the case. 28 U.S.C. § 1441(a); *see Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."). If it appears at any time before final judgment that the federal court lacks subject matter jurisdiction, the federal court must remand the action to state court. 28 U.S.C. § 1447(c).

The party seeking removal bears the burden of establishing federal jurisdiction. *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).

3

Case No. 19-CV-03628-LHK
ORDER GRANTING MOTION TO REMAND

For federal subject matter jurisdiction to exist, a case must either involve diversity of citizenship between the parties or involve a claim arising under federal law. *See Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 n.2 (9th Cir. 2002). For the Court to have federal question jurisdiction, the complaint must arise under federal law. 28 U.S.C. § 1331. Generally speaking, "[a] cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Hansen v. Blue Cross of Cal.*, 891 F.2d 1384, 1386 (9th Cir. 1989).

Under 28 U.S.C. § 1332(a)(1), federal courts have diversity jurisdiction over civil actions "where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States." 28 U.S.C. § 1332. The statute "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

## III. DISCUSSION

Plaintiff's motion to remand argues that the Court lacks diversity jurisdiction over Plaintiff's complaint because Plaintiff and Defendant Franich are both citizens of California. Mot. at 3. Defendants argue that the Court has diversity jurisdiction because Plaintiff fraudulently joined Defendant Franich. Opp. at 3. Plaintiff also argues that diversity jurisdiction is absent because (1) the amount in controversy does not exceed $75,000 and (2) Defendant did not conclusively establish that Plaintiff is a citizen of California. Mot. at 14-18.

For the reasons explained below, the Court agrees that Plaintiff did not fraudulently join Defendant Franich, and therefore, removal was improper. As such, the Court does not reach Plaintiff's remaining arguments.

For the Court to have diversity jurisdiction, complete diversity of parties is required: "[I]n a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 679 (9th Cir. 2006) (quoting *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005)). However,

4

fraudulently joined defendants who destroy diversity do not defeat removal. *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).

"Fraudulent joinder is a term of art" and does not require a showing of bad faith. *Id.* As this Court has previously explained, "[t]here is a 'general presumption against fraudulent joinder' and the defendant's burden of demonstrating that a joinder is fraudulent is a 'heavy' one." *Beutel v. Wells Fargo Bank N.A.*, 2018 WL 3084660, at *2 (N.D. Cal. Jun. 22, 2018) (quoting *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009)); *Heslop v. Ford Motor Co.*, 2019 WL 3026954, at *3 (N.D. Cal. July 11, 2019) (same). Joinder is fraudulent only when it is "obvious according to the settled rules of the state that [a plaintiff] has failed to state a claim against [a joined defendant]." *Hunter*, 582 F.3d at 1046.

This standard imposes a very high bar on removing defendants, which "accords with the presumption against removal jurisdiction, under which we strictly construe the removal statute, and reject federal jurisdiction if there is any doubt as to the right of removal in the first instance." *Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 543, 550 (9th Cir. 2018) (quotation marks omitted). The Ninth Circuit has repeatedly held that "if there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Id*. at 548 (emphasis in original) (citations and quotation marks omitted); *see also Warner v. Select Portfolio Serv.*, 193 F. Supp. 3d 1132, 1137 (C.D. Cal. 2016) (stating that defendants face an "immense burden" in proving fraudulent joinder).

Specifically, in *Grancare*, the Ninth Circuit held that "the test for fraudulent joinder and for failure to state a claim under Rule 12(b)(6) are not equivalent." *Grancare*, 889 F.3d at 549. "A claim against a defendant may fail under Rule 12(b)(6), but that defendant has not necessarily been fraudulently joined" because "[a] standard that equates fraudulent joinder with Rule 12(b)(6) conflates a jurisdictional inquiry with an adjudication on the merits." *Id*. Rather, "[b]ecause the purpose of the fraudulent joinder doctrine is to allow a determination whether the district court has subject matter jurisdiction, the standard is similar to the "*wholly insubstantial and frivolous*"

5

Case No. 19-CV-03628-LHK
ORDER GRANTING MOTION TO REMAND

standard for dismissing claims under Rule 12(b)(1) for lack of federal question jurisdiction." *Id.* (emphasis added).

In this case, Plaintiff alleges against Defendant Franich a claim for violation of the implied warranty of merchantability under the Song-Beverly Act. Compl. ¶¶ 30-34. Thus, the question is whether it is obvious under settled California law that Plaintiff cannot state an implied warranty claim against Defendant Franich. Defendants' only argument for why Plaintiff cannot state an implied warranty claim against Defendant Franich is that the statute of limitations bars Plaintiff's implied warranty claim. Opp. at 4.

However, because it is possible under California law that Plaintiff could allege tolling of the statute of limitations for his implied warranty claim, the Court concludes that Defendants have not met their heavy burden to show that Plaintiff's inclusion of Defendant Franich constitutes fraudulent joinder. Put another way, the Court cannot find that any allegations of tolling would be "wholly insubstantial and frivolous." *Grancare*, 889 F.3d at 549.

The statute of limitations for an implied warranty claim is four years from the delivery of the vehicle. Cal. Comm. Code § 2725. Plaintiff alleges that he purchased the vehicle on July 6, 2013. Compl. ¶ 8. Thus, Defendants argue that the four-year statute of limitations expired in July 2017, almost two years before Plaintiff filed his complaint on May 6, 2019. Compl. at 1.

However, "as Plaintiff points out and numerous courts have recognized, it is not impossible for Plaintiff to state a viable implied warranty claim against Defendant [Franich] because tolling may apply." *Heslop*, 2019 WL 3026954, at *3. Specifically, this Court has repeatedly observed that "[s]everal courts have determined that fraudulent concealment tolling applies to claims brought under the Song-Beverly Act." *Philips v. Ford Motor Co.*, 2016 WL 1745948 (N.D. Cal. May 3, 2016), at *14 (citing cases in both federal court and California state court); *Heslop*, 2019 WL 3025943, at *3 (quoting *Philips*, 2016 WL 1745948, at *14); *Beck v. Ford Motor Co.*, 2019 WL 2415251, at *3 (N.D. Cal. June 9, 2019) (same).

Accordingly, in cases where Defendant Ford raised the same fraudulent joinder arguments as in this case, courts have concluded that because fraudulent concealment tolling *could* apply to

6
Case No. 19-CV-03628-LHK
ORDER GRANTING MOTION TO REMAND

implied warranty claims against a dealership defendant, joinder of the dealership was not fraudulent. *See, e.g.*, *Phillips v. Ford Motor Co.*, 2019 WL 5188259, at *3 (N.D. Cal. Oct. 15, 2019) ("Many courts have found that it is possible for a plaintiff to bring a claim for breach of implied warranty of merchantability based on tolling theories." (collecting cases)); *Klawiter v. Ford Motor Co.*, 2019 WL 2484321, at *2 (N.D. Cal. June 14, 2019) ("As is well documented in cases that Ford has attempted to remove in the past, the question before me is not whether Ford's statute of limitations arguments or . . . [plaintiffs'] tolling arguments will ultimately be successful. Instead, I must decide whether it is clear at this stage that the [plaintiffs] have no chance of pressing forward with their claims against [defendant]. Ford has not met its burden to make that showing."); *Cavale v. Ford Motor Co.*, 2018 WL 3811727, at *3 (E.D. Cal. Aug. 9, 2018) (holding that "it is possible that the statute of limitations on the breach of the implied warranty claim may be tolled under a theory of fraudulent concealment," and remanding case to state court); *Jimenez v. Ford Motor Co.*, 2018 WL 2734848, at *2 (C.D. Cal. Jun. 5, 2018) (noting that "multiple district courts" have recognized that fraudulent concealment tolling can "apply to the statute of limitations for implied warranty of merchantability claims," and remanding case to state court).

Although Plaintiff's complaint does not specify how fraudulent concealment tolling applies in Plaintiff's case, the question at this stage is not whether Plaintiff's complaint states a claim against Defendant Franich, but only whether there is a "possibility" that Plaintiff can state a claim against Defendant Franich. *See Grancare*, 889 F.3d at 549 ("A claim against a defendant may fail under Rule 12(b)(6), but that defendant has not necessarily been fraudulently joined."). Again, "[b]ecause the purpose of the fraudulent joinder doctrine is to allow a determination whether the district court has subject matter jurisdiction, the standard is similar to the "*wholly insubstantial and frivolous*" standard for dismissing claims under Rule 12(b)(1) for lack of federal question jurisdiction." *Id.* (emphasis added). Defendants have not met this heavy burden of establishing fraudulent joinder.

Accordingly, the Court concludes that Plaintiff's inclusion of Defendant Franich was not

fraudulent joinder and that diversity jurisdiction does not exist. As a result, the Court must remand the case to state court.

Alternatively, Defendants ask the Court to sever Defendant Franich from the case under Federal Rule of Civil Procedure 21, which provides that a court may sua sponte "at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21; *see Sams v. Beech Aircraft*, 625 F.2d 273, 277 (9th Cir. 1980) (holding that Rule 21 "grants a federal district or appellate court the discretionary power to perfect its diversity jurisdiction by dropping a nondiverse party provided the nondiverse party is not indispensable to the action under Rule 19").

However, the Court declines to exercise its discretion to sever Defendant Franich. Plaintiff's claims against Defendant Ford and Defendant Franich arise from the same series of transactions or occurrence. Plaintiff brings his implied warranty of merchantability claim against both Defendants. The claim involves the same Vehicle and same defects as to both Defendants, such that judicial efficiency weighs against severing Defendant Franich. *Heslop*, 2019 WL 3026954, at *5. Moreover, the Court has already concluded that removal was not warranted because the Court lacks diversity jurisdiction. To sever Defendant Franich for the Court to exercise diversity jurisdiction would contradict the Ninth Circuit's instruction that "[t]he removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas*, 553 F.3d at 1244. Thus, the Court declines to sever Defendant Franich under Rule 21.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's motion to remand and REMANDS the case to California Superior Court for the County of Santa Clara. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: February 5, 2020

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

8

Case No. 19-CV-03628-LHK
ORDER GRANTING MOTION TO REMAND